UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY C. HONIG, an individual and GRQ CONSULTANTS, INC., a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Barry C. Honig ("**Mr. Honig**") and GRQ CONSULTANTS, INC. ("**GRQ**"), by and through their undersigned counsel, for their Complaint against Defendant Riot Blockchain, Inc. ("**Defendant**"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action to enforce contractual defense and indemnification obligations owed by Defendant to Mr. Honig and GRQ.

2. In March 2017, Defendant concurrently entered into Securities Purchase Agreements (the "**SPAs**"), and Registration Rights Agreements (the "**RRAs**") with Mr. Honig and a Roth 501(k) plan of GRQ Consultants, Inc., of which Mr. Honig served as trustee Pursuant to those agreements, Mr. Honig and the GRQ Roth 401(k) invested $1,725,000 million in Defendant.

3. All of the agreements contain robust indemnification provisions which require Defendant to defend and indemnify Mr. Honig and GRQ against any subsequent lawsuits or claims "with respect to any of the" securities purchases that they made, and/or "any violation or alleged violation by [Defendant] of the Securities Act, [or] the Exchange Act."

4. In 2018, multiple legal proceedings were commenced against both Defendant and Mr. Honig, in which it is alleged that the securities transactions contemplated by the SPAs and

-1-

RRAs were part of a scheme that violated securities laws. Mr. Honig vigorously denies each and every one of the claims asserted against him in those proceedings, and has expended significant sums to mount his defense.

5. Those legal proceedings triggered Defendant's indemnification obligations to Mr. Honig and GRQ.  Mr. Honig and GRQ demanded that Defendant indemnify and advance the costs of defense incurred by Mr. Honig and GRQ in the legal proceedings, but Defendant has refused to do so.

6. Through this action, Mr. Honig and GRQ seek an order requiring Defendant to immediately advance monies to reimburse the legal fees and costs Plaintiffs have incurred and will incur defending the legal proceedings.  Mr. Honig and GRQ further seek an order requiring Defendant to indemnify them for any subsequent settlement or judgment, as required by the express written terms of the SPAs and RRAs.

**PARTIES**

7. Mr. Honig is an individual investor who is a citizen of Florida.

8. GRQ Consultants, Inc. is a Florida Corporation with its principal place of business in Florida. Mr. Honig was the President of GRQ Consultants, and the trustee for the GRQ Consultants Roth 401(k), from their inception until July 2019. Mr. Honig, who as trustee of the GRQ Consultants Roth 401(k) controlled that plan's investments, is a beneficiary of the indemnification rights described below.

9. Defendant Riot Blockchain, Inc. is a Nevada Corporation with its principal place of business in Castle Rock, Colorado. Prior to a name change effective as of October 19, 2017, the Company's name was Bioptix, Inc.  Defendant currently specializes in cryptocurrency mining with a focus on bitcoin, and also holds non-controlling investments in blockchain technology companies.  Defendant's common stock trades on the NASDAQ exchange.

Defendant reported in its most recent quarterly report that it held $20,324,236 of current assets, including cash, cash equivalents and digital currencies.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there exists complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, Defendant consented to the jurisdiction of this Court pursuant to Paragraph 5.9 of the SPAs and Paragraph 3.1 of the RRAs.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because in the contracts between the parties at issue in this action, Defendant agreed that the state or federal courts in New York shall have exclusive jurisdiction over any disputes arising out of or in connection with parties' agreements at issue in this proceeding, and expressly waived any objection to this Court serving as a convenient venue.

## THE SECURITIES PURCHASE AGREEMENTS AND REGISTRATION RIGHTS AGREEMENTS

12. On March 16, 2017, Defendant entered into the SPAs and RRAs with Mr. Honig and GRQ in connection with Defendant's sale of convertible notes and common stock purchase warrants to Mr. Honig and GRQ.

13. The SPAs and RRAs contain advancement and indemnification provisions pursuant to which Defendant agrees to indemnify and hold harmless Mr. Honig and GRQ from any expenses, including legal fees, incurred under certain conditions.

14. Specifically, Section 4.8 of each SPA obligates Defendant to indemnify and hold harmless Mr. Honig and GRQ as follows:

> ***The Company will indemnify and hold each Purchaser and its directors, officers,*** shareholders, members, partners, employees and agents . . . (each, a "Purchaser Party") ***harmless from any*** and all losses, liabilities, obligations, claims, contingencies, ***damages, costs and expenses***, including all judgments, amounts paid in settlements (provided the defense of such matter and settlement has been

> approved by the Company, which approval will not be unreasonably withheld), court costs and reasonable attorneys' fees of a single counsel for representation of all of the Purchaser Parties collectively and costs of investigation that any such Purchaser Party may suffer or incur *as a result of or relating to . . . (b) any action instituted against the Purchaser Parties in any capacity, or any of them or their respective Affiliates, by any stockholder of the Company who is not an Affiliate of such Purchaser Party, with respect to any of the transactions contemplated by the Transaction Documents* . . . .
>
> If any action shall be brought against any Purchaser Party in respect of which indemnity may be sought pursuant to this Agreement, such Purchaser Party shall promptly notify the Company in writing, and the Company shall have the right to assume the defense thereof with counsel of its own choosing reasonably acceptable to the Purchaser Party. Any Purchaser Party shall have the right to employ separate counsel in any such action and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Purchaser Party except to the extent that (i) the employment thereof has been specifically authorized by the Company in writing, . . . or (iii) in such action there is, in the reasonable opinion of such Purchaser Party's counsel, a material conflict on any material issue between the position of the Company and the position of such Purchaser Party, in which case the Company shall be responsible for the reasonable fees and expenses of no more than one such separate counsel for all Purchaser Parties. . . .
>
> *The indemnification required by this Section 4.8 shall be made by periodic payments of the amount thereof during the course of the investigation or defense, as and when bills are received or are incurred.* The indemnity agreements contained herein shall be in addition to any cause of action or similar right of any Purchaser Party against the Company or others and any liabilities the Company may be subject to pursuant to law.

(emphasis added). True and correct copies of the SPAs between Defendant and Mr.

Honig and GRQ are attached hereto as Exhibits A and B.

15.     Specifically, Section 1.6 of each RRA obligates Defendant to indemnify and hold

harmless Mr. Honig and GRQ as follows:

> *[T]he Company will indemnify and hold harmless each Investor*, any underwriter (as defined in the Securities Act) for such Investor and each person, if any, who controls such Investor or underwriter within the meaning of the Securities Act or the Exchange Act, *against any losses, claims*, damages or liabilities (joint or several) to which any of the foregoing persons may become subject under the Securities Act, the Exchange Act or other federal or state securities law*, insofar as such losses, claims, damages or liabilities* (or actions in respect thereof) *arise out of or are based upon any of the following statements, omissions or violations* (collectively, a "Violation"): (i) *any untrue statement or alleged untrue statement of a material fact contained in a registration statement, including any preliminary prospectus or final prospectus contained therein or any amendments*

-4-

> *or supplements thereto (collectively, the "Filings")*, (ii) the ***omission or alleged omission to state in the Filings a material fact required to be stated therein, or necessary to make the statements therein not misleading***, or (iii) ***any violation or alleged violation by the Company of the Securities Act, the Exchange Act***, any state securities law or any rule or regulation promulgated under the Securities Act, the Exchange Act or any state securities law; and the Company will pay any legal or other expenses reasonably incurred by any person to be indemnified pursuant to this Section 1.6(a) in connection with investigating or defending any such loss, claim, damage, liability or action . . . .
>
> (c) Promptly after receipt by an indemnified party under this Section 1.6 of notice of the commencement of any action (including any governmental action), such indemnified party will, if a claim in respect thereof is to be made against any indemnifying party under this Section 1.6, deliver to the indemnifying party a written notice of the commencement thereof and the indemnifying party shall have the right to participate in, and, to the extent the indemnifying party so desires, jointly with any other indemnifying party similarly noticed, to assume the defense thereof with counsel mutually satisfactory to the parties; provided, however, that an indemnified party (together with all other indemnified parties that may be represented without conflict by one counsel) shall have the right to retain one separate counsel, with the fees and expenses to be paid by the indemnifying party, if representation of such indemnified party by the counsel retained by the indemnifying party would be inappropriate due to actual or potential differing interests between such indemnified party and any other patty represented by such counsel in such proceeding. . . .

True and correct copies of the RRAs between Defendant and Mr. Honig and GRQ are attached hereto as Exhibits C and D.

16. Mr. Honig is personally a direct Purchaser Party in connection with one of the two executed SPAs, and a direct Investor in connection with one of the two executed RRAs.

17. In connection with the SPA and RRA executed by GRQ, at all relevant times up to July 2, 2019, Mr. Honig was the President of GRQ and controlled GRQ. He is therefore entitled to indemnification pursuant to both the SPA and RRA he entered into personally, as well as the SPA and RRA entered into by GRQ.

18. Each of the SPAs and RRAs are governed by New York law pursuant to Paragraph 5.9 of the SPAs and Paragraph 3.1 of the RRAs.

19. Paragraph 5.9 of the SPAs also establishes that:

> If either party shall commence an action or proceeding to enforce any provisions of the Transaction Documents, then . . . the prevailing party in such action, suit or proceeding shall be reimbursed by the other party for its reasonable attorneys' fees and other costs and expenses incurred with the investigation, preparation and prosecution of such an action or proceeding.

20. Mr. Honig and GRQ performed their obligations under the SPAs and RRAs by making the requisite payments in exchange for convertible notes and common stock purchase warrants contemplated by those agreements.

## THE LEGAL PROCEEDINGS WARRANTING INDEMNIFICATION

21. Mr. Honig has been named as a defendant in multiple legal proceedings (together, the "**Legal Proceedings**") that relate to the transactions contemplated by the SPAs and/or alleged misstatements, omissions, or other violations of securities laws by Defendant. These include the following:

*The Class Action*

22. On February 17, 2018, Creighton Takata commenced an action captioned *Creighton Takata v. Riot Blockchain, Inc., et al.*, Case No. 18-cv-02293 (D.N.J.) in the U.S. District Court for the District of New Jersey raising three causes of action relating to an allegedly fraudulent scheme consisting of misrepresentations, omissions, and actions that deceived the investing public in violation of securities laws. A true and correct copy of the operative complaint in that action is attached hereto as Exhibit E. The complaint alleges that Mr. Honig's purchase of securities through the March 16, 2017 transactions contemplated by the SPAs, referred to as the "March 2017 Placements" therein, was part of a fraudulent scheme. *See* Exhibit E, at. ¶¶ 140-41, 162, 401.

*The Shareholder Derivative Actions*

23.     Mr. Honig is a named defendant in five separate shareholder derivative actions, each of which is brought by a Riot Blockchain shareholder, purportedly on behalf of that company. The five Shareholder Derivative Actions are styled as:

- *In re Riot Blockchain, Inc. Shareholder Derivative Litigation*, Case No. A-18-774890-B (Nev. 8th Jud. Dist.) in the Eighth Judicial District Court of the State of Nevada, County of Clark (a true and correct copy of the complaint in that action is attached hereto as Exhibit F);

- *Jackson v. O'Rourke, et al.*, Index No. 604520/2018 (N.Y. Sup. Ct.) in the Supreme Court of the State of New York, County of Nassau;

- *Rotkowitz v. O'Rourke, et al.*, Case No. 18-cv-05632 (E.D.N.Y) in the U.S. District Court for the Eastern District of New York;

- *Finitz v. O'Rourke, et al.*, Case No. 18-cv-09640 (S.D.N.Y.) in the U.S. District Court for the Southern District of New York; and,

- *Monts v. O'Rourke, et al.*, Case No. 18-cv-01443 (N.D.N.Y.) in the U.S. District Court for the Northern District of New York (collectively, the "**Shareholder Derivative Actions**").

24.     Every one of the complaints in the Shareholder Derivative Actions allege that Riot Blockchain, Mr. Honig, and various Riot Blockchain directors and officers committed violations of securities laws. Every one of the complaints in the Shareholder Derivative Actions alleges that Mr. Honig utilized acquisitions of Riot Blockchain stock to purportedly gain "control" over the company in order to engage in violations of securities laws. Certain of the complaints expressly allege that the purchase of the specific securities sold via the SPAs and

RRAs played a part in this alleged fraudulent scheme.  *See In re Riot Blockchain, Inc. Compl.* [Exhibit F hereto] at ¶¶ 56, 59, 64, 89, 131, 166.

***The Securities Exchange Commission Investigation***

25. In or around April 2018, the Securities and Exchange Commission ("**SEC**") opened a formal order of investigation concerning Riot Blockchain, and issued subpoenas to various parties (the "**SEC Investigation**").

26. In connection with the investigation, Mr. Honig provided extensive responses to document requests and voluntarily submitted to several days of interviews, among other things.

27. On the basis of his interactions with the SEC Staff, Mr. Honig became aware that the investigation scope included alleged omissions of material facts from certain of Riot Blockchain filings, and potential violations of the Securities Act and Exchange Act.  Mr. Honig further believes that the fact that the SEC's investigation of Riot Blockchain covered such matters is reflected in the formal order of investigation, as well as subpoenas and other requests issued to Riot Blockchain by the SEC.

28. On January 30, 2020, Defendant issued a press release announcing that on January 29, 2020, it had received written notice from the Division of Enforcement of the Securities and Exchange Commission that the SEC had concluded its investigation.

29. During the pendency of the SEC Investigation, Mr. Honig and GRQ expended considerable sums responding to a subpoena and addressing claims potentially being raised by SEC staff.

30. In connection with defending Mr. Honig in all of the Legal Proceedings – the Class Action, Shareholder Derivative Actions and SEC Investigation – Mr. Honig and GRQ have to date incurred legal fees in excess of $728,200.

31. With the exception of the SEC Investigation, which recently was terminated, all of the Legal Proceedings remain ongoing, and Mr. Honig and GRQ expect to continue incurring expenses and legal fees in connection with defending himself in the coming months.

**DEFENDANT REJECTS AN ADVANCEMENT AND INDEMNIFICATION REQUEST**

32. Defendant timely received written notice of each one of the matters described above. Indeed, Defendant itself is or was a party in every one of the matters. At all relevant times, Defendant has been fully aware that the Legal Proceedings concerning Mr. Honig had been filed or instituted against Mr. Honig and other persons.

33. In March 2018, Defendant recognized the existence of a potential conflict of interest between Mr. Honig and Defendant, and consented in writing to Mr. Honig's retention of separate counsel in connection with the Legal Proceedings.

34. As described above, each of the Legal Proceedings contains allegations against Mr. Honig that relate to the securities transactions contemplated by the SPAs and/or allegations relating to misrepresentations or omissions in registration statements or violations of security laws and therefore trigger Defendant's indemnification obligations pursuant to Paragraph 4.8 of the SPAs and Paragraph 1.6 of the RRAs.

35. On February 14, 2020, counsel for Mr. Honig sent Defendant a letter requesting that Defendant indemnify Mr. Honig for the expenses, including legal fees, incurred by Mr. Honig in connection with the Legal Proceedings, and provide its preferred procedure for consenting to any settlements that may be reached in connection with the Legal Proceedings (the "**Indemnification Request**"). A copy of the Indemnification Request is attached hereto as Exhibit G.

36. On March 6, 2020, counsel for Defendant responded in a letter, denying Mr. Honig's Indemnification Request. A true and correct copy of that March 6, 2020 letter is attached hereto as Exhibit H.

## COUNT ONE

### (Declaratory Judgment)

37. Mr. Honig and GRQ repeat and reallege each and every allegation contained in the foregoing paragraphs, as if set forth at length herein.

38. Mr. Honig and GRQ contend that they are entitled to advancement of expenses they have incurred, including legal fees, as well as all such reasonably incurred future expenses incurred in defense of the Legal Proceedings.

39. Mr. Honig and GRQ further contend that they are entitled to indemnification for any judgments entered against Mr. Honig in connection with the Legal Proceedings, as well as any settlements entered into in connection with the Legal Proceedings subject to the approval of Defendant, which shall not be unreasonably withheld.

40. Defendant contends that it is neither obligated to advance expenses incurred by Mr. Honig or GRQ, including legal fees, in defense of the Legal Proceedings, nor indemnify Mr. Honig or GRQ for any judgments entered against them or settlements entered into in connection with the Legal Proceedings.

41. Consequently, there is a justiciable controversy between Mr. Honig, GRQ and Defendant concerning Defendant's advancement and indemnification obligations under the SPAs and RRAs.

42. Pursuant to 28 U.S.C. § 2201, Mr. Honig and GRQ seek a judgment declaring that Defendant must indemnify and hold harmless Mr. Honig and GRQ against all liabilities and losses (including amounts paid in respect of judgments, fines, penalties or settlement of

litigation, and legal fees and expenses reasonably incurred in connection with the Legal Proceedings) suffered by virtue of Mr. Honig and GRQ being indemnified parties under the SPAs and RRAs with respect to any action relating to transactions contemplated by the SPA and/or relating to allegations of misrepresentations or omissions in registration statements and other violations, or alleged violations, of securities laws as contemplated by the RRAs.

## COUNT TWO

### (Breach of Contract)

43. Mr. Honig and GRQ repeat and re-allege each and every allegation contained in the foregoing paragraphs as though set forth in full herein.

44. Mr. Honig and GRQ performed all of their respective responsibilities under the SPAs and RRAs.

45. Defendant breached its obligations under Paragraph 4.8 of the SPAs and 1.6 of the RRAs to advance expenses, including attorneys' fees, incurred by Mr. Honig and GRQ as a result of defending the Legal Proceedings.

46. Defendant has breached its advancement and indemnification obligations under Paragraph 4.8 of the SPAs and 1.6 of the RRAs by (1) refusing to advance periodic payments to Mr. Honig and GRQ for the expenses, including attorneys' fees, they have incurred and will incur in the future as a result of the Legal Proceedings, and (2) indemnify Mr. Honig and GRQ for any judgments entered against them or settlements entered into subject to Defendant's approval, not to be unreasonably withheld, in connection with the Legal Proceedings.

47. By reason of the foregoing, Mr. Honig and GRQ have and will continue to suffer damages in the amount of the expenses, including attorneys' fees, judgments, and/or settlement costs that they have and will incur as a result of the Legal Proceedings.

**WHEREFORE**, Plaintiffs Barry C. Honig and GRQ Consultants, Inc. respectfully request that the Court issue an order and entering judgment as follows:

    a.    declaring that Defendant must: (i) immediately advance Mr. Honig and GRQ unpaid expenses, including attorneys' fees, that they have already incurred in connection with their defense of the Legal Proceedings; and (ii) periodically advance payment for all future reasonably incurred legal fees within thirty days after receipt of an invoice detailing such expenses;

    b.    awarding Mr. Honig and GRQ damages for Defendant's breach of the SPAs and RRAs in an amount to be determined at trial;

    c.    declaring that Riot must indemnify Mr. Honig and GRQ against all liabilities and losses (including amounts paid in respect of judgments, fines, and penalties, as well as settlement of litigation, subject to Defendant's approval which shall not be unreasonably withheld), incurred in connection with the Legal Proceedings by virtue of Mr. Honig and GRQ being indemnified parties under the SPAs and RRAs; and

    d.    awarding Mr. Honig's and GRQ's attorneys' fees incurred in connection with the instant action pursuant to the prevailing party provisions contained in Paragraph 5.9 of the SPAs and Paragraph 3.1 of the RRAs.

    e.    granting Mr. Honig and GRQ such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: April 3, 2020<br>New York, New York | Respectfully submitted,<br><br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br><br>s/ Christopher Bosch<br>Christopher Bosch<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone: (212) 653-8700<br>Facsimile: (212) 653-8701<br>cbosch@sheppardmullin.com<br><br>Robert D. Weber (*pro hac vice* pending)<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, California 90067<br><br>*Counsel for Plaintiffs Barry C. Honig and GRQ Consultants, Inc.* |