UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY C. HONIG, an individual and GRQ CONSULTANTS, INC., a Florida corporation,<br><br>                      Plaintiffs,<br><br>        v.<br><br>RIOT BLOCKCHAIN, INC.,<br><br>                  Defendant. | Case No. 1:20-cv-02808-NRB<br><br><br>**AMENDED COMPLAINT** |

Barry C. Honig ("**Mr. Honig**") and GRQ CONSULTANTS, INC. ("**GRQ**"), by and through their undersigned counsel, for their Amended Complaint against Defendant Riot Blockchain, Inc. ("**Defendant**"), hereby allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action to enforce contractual defense and indemnification obligations owed by Defendant to Mr. Honig and GRQ.

2.      In March 2017, Defendant concurrently entered into Securities Purchase Agreements (the "**SPAs**") with Mr. Honig and a Roth 401(k) plan of GRQ Consultants, Inc., of which Mr. Honig served as trustee. Pursuant to those agreements, Mr. Honig and the GRQ Roth 401(k) invested $1,725,000 million in Defendant.

3.      All of the agreements contain robust indemnification provisions which require Defendant to pay the ongoing costs of defense and indemnify Mr. Honig, GRQ, and any person who controls GRQ, against any subsequent lawsuits or claims "with respect to any of the" securities purchases that they made

4.      In 2018, multiple legal proceedings were commenced against both Defendant and Mr. Honig, in which it is alleged that the securities transactions contemplated by the SPAs were

part of a scheme to  violate the securities laws.  Mr. Honig denies each and every one of the claims asserted against him in those proceedings and has expended significant sums to mount his defense.

5.      Those legal proceedings triggered Defendant's indemnification obligations to Mr. Honig and GRQ, which is currently paying a portion of Mr. Honig's legal fees, under the SPAs. Mr. Honig and GRQ demanded that Defendant indemnify and advance the costs of defense incurred by Mr. Honig and GRQ on Honig's behalf in the legal proceedings, but Defendant has refused to do so.

6.      Through this action, Mr. Honig and GRQ seek an Order requiring Defendant to abide by its contractual obligations and immediately reimburse the legal fees and costs Plaintiffs have incurred and will continue to incur in defending the legal proceedings.  Mr. Honig and GRQ further seek an Order requiring Defendant to indemnify them for any subsequent settlement or judgment, as required by the express written terms of the SPAs.

**PARTIES**

7.      Mr. Honig is an individual investor who is a citizen of Florida.

8.      GRQ Consultants, Inc. is a Florida Corporation with its principal place of business in Florida. Mr. Honig was the President of GRQ Consultants, and the trustee for the GRQ Consultants Roth 401(k), from their inception until July 2019. In July 2019, Alan Honig, Mr. Honig's father, became President. Because Mr. Honig controlled the GRQ Consultants Roth 401(k) plan's investments, Defendant is required to indemnify GRQ pursuant to the SPAs as described below.

9.      Defendant Riot Blockchain, Inc. is a Nevada Corporation with its principal place of business in Castle Rock, Colorado. Prior to a name change effective as of October 19, 2017, the Company's name was Bioptix, Inc.  Defendant currently specializes in cryptocurrency

mining with a focus on bitcoin, and also holds non-controlling investments in blockchain

technology companies.  Defendant's common stock trades on the NASDAQ exchange.

Defendant reported in its most recent quarterly report that it held $20,324,236 of current assets,

including cash, cash equivalents and digital currencies.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there

exists complete diversity among the parties and the amount in controversy exceeds $75,000,

exclusive of interest and costs.  In addition, Defendant consented to the jurisdiction of this Court

pursuant to Paragraph 5.9 of the SPAs.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)

because in the contracts between the parties at issue in this action, Defendant agreed that the

state or federal courts in New York shall have exclusive jurisdiction over any disputes arising out

of or in connection with parties' agreements at issue in this proceeding, and expressly waived

any objection to this Court serving as a proper venue.

## THE SECURITIES PURCHASE AGREEMENTS

12.     On March 16, 2017, Defendant entered into the SPAs with Mr. Honig and GRQ

in connection with Defendant's sale of convertible notes and common stock purchase warrants to

Mr. Honig and GRQ.

13.     The SPAs contain advancement and indemnification provisions pursuant to which

Defendant agrees to indemnify and hold harmless Mr. Honig, GRQ, and the person controlling

GRQ from any expenses, including legal fees, incurred under certain conditions.

14.     Specifically, Section 4.8 of each SPA obligates Defendant to indemnify and hold

harmless Mr. Honig and GRQ as follows:

> ***The Company will indemnify and hold each Purchaser and its directors, officers,***
> shareholders, members, partners, employees and agents (and any other Persons

with a functionally equivalent role of Person holding such titles notwithstanding a lack of such title or any other title), each Person who controls such Purchaser (within the meaning of Section 15 of the Securities Act and Section 20 of the Exchange Act), and the directors, officers, shareholders, agents, members, partners or employees (and any other Persons with a functionally equivalent role of a Person holding such titles notwithstanding a lack of such title or any other title) of such controlling persons (each, a "Purchaser Party") *harmless from any* and all losses, liabilities, obligations, claims, contingencies, *damages, costs and expenses*, including all judgments, amounts paid in settlements (provided the defense of such matter and settlement has been approved by the Company, which approval will not be unreasonably withheld), court costs and reasonable attorneys' fees of a single counsel for representation of all of the Purchaser Parties collectively and costs of investigation that any such Purchaser Party may suffer or incur *as a result of or relating to . . . (b) any action instituted against the Purchaser Parties in any capacity, or any of them or their respective Affiliates, by any stockholder of the Company who is not an Affiliate of such Purchaser Party, with respect to any of the transactions contemplated by the Transaction Documents* . . . .

If any action shall be brought against any Purchaser Party in respect of which indemnity may be sought pursuant to this Agreement, such Purchaser Party shall promptly notify the Company in writing, and the Company shall have the right to assume the defense thereof with counsel of its own choosing reasonably acceptable to the Purchaser Party. Any Purchaser Party shall have the right to employ separate counsel in any such action and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Purchaser Party except to the extent that (i) the employment thereof has been specifically authorized by the Company in writing, (ii) the Company has failed after a reasonable period of time to assume such defense and to employ counsel or (iii) in such action there is, in the reasonable opinion of such Purchaser Party's counsel, a material conflict on any material issue between the position of the Company and the position of such Purchaser Party, in which case the Company shall be responsible for the reasonable fees and expenses of no more than one such separate counsel for all Purchaser Parties. . . .

*The indemnification required by this Section 4.8 shall be made by periodic payments of the amount thereof during the course of the investigation or defense, as and when bills are received or are incurred.* The indemnity agreements contained herein shall be in addition to any cause of action or similar right of any Purchaser Party against the Company or others and any liabilities the Company may be subject to pursuant to law.

(emphasis added). True and correct copies of the SPAs between Defendant and Mr.

Honig and GRQ are attached hereto as Exhibits A and B.

15.     Mr. Honig is personally a direct Purchaser Party in connection with one of the two executed SPAs.  He is therefore entitled to indemnification pursuant to the SPA he entered into personally.

16.     In connection with the SPA executed by GRQ, at all relevant times up to July 2, 2019, Mr. Honig was the President of GRQ and controlled GRQ.  GRQ has paid and continues to pay a portion of Mr. Honig's legal fees.  Thus, because Section 4.8 of the SPAs states that "each Person who controls such Purchaser" is entitled to indemnification, GRQ is entitled to indemnification regarding the fees it has paid on Mr. Honig's behalf pursuant to the SPA it entered into.

17.     Each of the SPAs are governed by New York law pursuant to Paragraph 5.9 of the SPAs.

18.     Paragraph 5.9 of the SPAs also establishes that:

If either party shall commence an action or proceeding to enforce any provisions of the Transaction Documents, then . . . the prevailing party in such action, suit or proceeding shall be reimbursed by the other party for its reasonable attorneys' fees and other costs and expenses incurred with the investigation, preparation and prosecution of such an action or proceeding.

19.     Mr. Honig and GRQ performed their obligations under the SPAs by making the requisite payments in exchange for convertible notes and common stock purchase warrants contemplated by those agreements.

## THE LEGAL PROCEEDINGS WARRANTING INDEMNIFICATION

20.     Mr. Honig has been named as a defendant in multiple legal proceedings (together, the "**Legal Proceedings**") that relate to the transactions "contemplated" by the SPAs.  These include the following:

*The Class Action*

21.     On February 17, 2018, Creighton Takata commenced an action captioned

*Creighton Takata v. Riot Blockchain, Inc., et al.*, Case No. 18-cv-02293 (D.N.J.) in the U.S.

District Court for the District of New Jersey raising three causes of action relating to an allegedly

fraudulent scheme consisting of misrepresentations, omissions, and actions that deceived the

investing public in violation of securities laws (the "Class Action"). A true and correct copy of

the operative complaint in that action is attached hereto as Exhibit C. The complaint alleges that

Mr. Honig's purchase of securities through the March 16, 2017 transactions contemplated by the

SPAs, referred to as the "March 2017 Placements" therein,  was part of a fraudulent scheme. *See*

Exhibit C, at. ¶¶ 140-41, 162, 401.

*The Shareholder Derivative Actions*

22.     Mr. Honig is a named defendant in five separate shareholder derivative actions,

each of which is brought by a Riot Blockchain shareholder, purportedly on behalf of that

company. The five Shareholder Derivative Actions are styled as:

- *In re Riot Blockchain, Inc. Shareholder Derivative Litigation*, Case No. A-18-774890-B (Nev. 8th Jud. Dist.) in the Eighth Judicial District Court of the State of Nevada, County of Clark (a true and correct copy of the complaint in that action is attached hereto as Exhibit D);

- *Jackson v. O'Rourke, et al.*, Index No. 604520/2018 (N.Y. Sup. Ct.) in the Supreme Court of the State of New York, County of Nassau (a true and correct copy of the complaint in that action is attached hereto as Exhibit E);

- *Rotkowitz v. O'Rourke, et al.*, Case No. 18-cv-05632 (E.D.N.Y) in the U.S. District Court for the Eastern District of New York (dismissed on January 2, 2019) (a true and correct copy of the complaint in that action is attached hereto as Exhibit F);

- *Finitz v. O'Rourke, et al.*, Case No. 18-cv-09640 (S.D.N.Y.) in the U.S. District Court for the Southern District of New York (a true and correct copy of the complaint in that action is attached hereto as Exhibit G); and,

- *Monts v. O'Rourke, et al.*, Case No. 18-cv-01443 (N.D.N.Y.) in the U.S. District Court for the Northern District of New York (a true and correct copy of the complaint in that action is attached hereto as Exhibit H) (collectively, the **"Shareholder Derivative Actions"**).

23.     Every one of the complaints in the Shareholder Derivative Actions allege that Riot Blockchain, Mr. Honig, and various Riot Blockchain directors and officers  violated the securities laws. Every one of the complaints in the Shareholder Derivative Actions alleges that Mr. Honig utilized acquisitions of Riot Blockchain stock to purportedly gain "control" over the company in order to engage in violations of the securities laws. Certain of the complaints expressly allege that the purchase of the specific securities sold pursuant to the SPAs  played a part in this alleged fraudulent scheme.  *See In re Riot Blockchain, Inc.* Compl. [Exhibit D hereto] ¶¶ 56, 59, 64, 89, 131, 166.

24.     In connection with defending Mr. Honig in all of the Legal Proceedings—the Class Action and the Shareholder Derivative Actions—Mr. Honig and GRQ have to date incurred legal fees in excess of $353,200.

25.     Except as noted above, all of the Legal Proceedings remain ongoing, and Mr. Honig and GRQ expect to continue incurring expenses and legal fees in connection with defending Honig in the coming months.

**DEFENDANT REJECTS AN ADVANCEMENT AND INDEMNIFICATION REQUEST**

26.     Defendant timely received written notice of each one of the matters described above.  Indeed, Defendant itself is or was a party in every one of the matters.  At all relevant

times, Defendant has been fully aware that the Legal Proceedings concerning Mr. Honig had been filed or instituted against Mr. Honig and other persons.

27.     Moreover, within days of the filing of the complaint in the Class Action, Defendant consented in writing to Mr. Honig being represented by independent counsel in a separate agreement.

28.     Defendant was also aware that Mr. Honig and GRQ were seeking indemnification.  Counsel for Mr. Honig requested the applicable D&O policies several times between February 26, 2018 and March 2, 2018, which Defendant ultimately provided on March 5, 2018.

29.     As described above, each of the Legal Proceedings contains allegations against Mr. Honig that relate to the securities transactions contemplated by the SPAs that therefore trigger Defendant's indemnification obligations pursuant to Paragraph 4.8 of the SPAs.

30.     On February 14, 2020, counsel for Mr. Honig sent Defendant a letter requesting that Defendant indemnify Mr. Honig for the expenses, including legal fees, incurred by Mr. Honig in connection with the Legal Proceedings, and provide its preferred procedure for consenting to any settlements that may be reached in connection with the Legal Proceedings (the "**Indemnification Request**").  A copy of the Indemnification Request is attached hereto as Exhibit I.

31.     On March 6, 2020, counsel for Defendant responded in a letter, denying Mr. Honig's Indemnification Request. A true and correct copy of that March 6, 2020 letter is attached hereto as Exhibit J.

## COUNT ONE

### (Declaratory Judgment)

32.     Mr. Honig and GRQ repeat and reallege each and every allegation contained in the foregoing paragraphs, as if set forth at length herein.

33.     Mr. Honig and GRQ contend that they are entitled to advancement and indemnification of expenses they have incurred, including legal fees, as well as all such reasonably incurred future expenses incurred in defense of the Legal Proceedings.

34.     Mr. Honig and GRQ further contend that they are entitled to indemnification for any judgments entered against Mr. Honig in connection with the Legal Proceedings, as well as any settlements entered into in connection with the Legal Proceedings subject to the approval of Defendant, which shall not be unreasonably withheld.

35.     Defendant contends that it is neither obligated to advance or indemnify expenses incurred by Mr. Honig or GRQ, including legal fees, in defense of the Legal Proceedings, nor indemnify Mr. Honig or GRQ for any judgments entered against them or settlements entered into in connection with the Legal Proceedings.

36.     Consequently, there is a justiciable controversy between Mr. Honig, GRQ and Defendant concerning Defendant's advancement and indemnification obligations under the SPAs.

37.     Pursuant to 28 U.S.C. § 2201, Mr. Honig and GRQ seek a judgment declaring that Defendant must indemnify and hold harmless Mr. Honig and GRQ against all liabilities and losses (including amounts paid in respect of judgments, fines, penalties or settlement of litigation, and legal fees and expenses reasonably incurred in connection with the Legal Proceedings) suffered by virtue of Mr. Honig and GRQ being indemnified parties under the SPAs with respect to any action relating to transactions contemplated by the SPAs.

## COUNT TWO

### (Breach of Contract)

38.     Mr. Honig and GRQ repeat and re-allege each and every allegation contained in the foregoing paragraphs as though set forth in full herein.

39.     Mr. Honig and GRQ performed all of their respective responsibilities under the SPAs.

40.     Defendant breached its obligations under Paragraph 4.8 of the SPAs to advance expenses, including attorneys' fees, incurred by Mr. Honig and GRQ as a result of defending the Legal Proceedings.

41.     Defendant has breached its advancement and indemnification obligations under Paragraph 4.8 of the SPAs by (1) refusing to advance periodic payments to Mr. Honig and GRQ for the expenses, including attorneys' fees, they have incurred and will incur in the future as a result of the Legal Proceedings, and (2) indemnify Mr. Honig and GRQ for any judgments entered against them or settlements entered into subject to Defendant's approval, not to be unreasonably withheld, in connection with the Legal Proceedings.

42.     By reason of the foregoing, Mr. Honig and GRQ have and will continue to suffer damages in the amount of the expenses, including attorneys' fees, judgments, and/or settlement costs that they have and will incur as a result of the Legal Proceedings.

**WHEREFORE**, Plaintiffs Barry C. Honig and GRQ Consultants, Inc. respectfully request that the Court issue an order and entering judgment as follows:

a.      declaring that Defendant must: (i) immediately advance Mr. Honig and GRQ unpaid expenses, including attorneys' fees, that they have already incurred in connection with their defense of the Legal Proceedings; and (ii) periodically advance payment for all future

reasonably incurred legal fees within thirty days after receipt of an invoice detailing such expenses;

b.      awarding Mr. Honig and GRQ damages for Defendant's breach of the SPAs in an amount to be determined at trial;

c.      declaring that Riot must indemnify Mr. Honig and GRQ against all liabilities and losses, including attorneys' fees, as well as amounts paid in respect of judgments, fines, penalties, and settlement of litigation, subject to Defendant's approval which shall not be unreasonably withheld, incurred in connection with the Legal Proceedings by virtue of Mr. Honig and GRQ being indemnified parties under the SPAs; and

d.      awarding Mr. Honig's and GRQ's attorneys' fees incurred in connection with the instant action pursuant to the prevailing party provisions contained in Paragraph 5.9 of the SPAs.

e.      granting Mr. Honig and GRQ such other and further relief as this Court deems just and proper.


 Dated:  May 11, 2020
         New York, New York

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Michael S. Sommer*
Michael S. Sommer
Adam R. Toporovsky
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
msommer@wsgr.com
atoporovsky@wsgr.com

-12-

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

Christopher J. Bosch
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
cbosch@sheppardmullin.com

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

Robert D. Weber (*pro hac vice* pending)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701
rweber@sheppardmullin.com

*Counsel for Plaintiffs Barry C. Honig and
GRQ Consultants, Inc.*